Docket# CR15-1828

# Petition under 28 U.S.C 2254 For writ of Habeas Corpus by a person in State Custody

## Notice

Plaintiff Jihad Shahaddah as a pro se, recognizes the Brady Violation for failure to disclose exculpatory evidence qualifies as obstruction by the government that prevents the filing of the claim. For the purpose of the statutory limitations tolling provision for situations where a Defendants actions obstructed the filing of any action.

Hicks v. Director Dept. of Corrections 289 Va. 288, 768 S.E. 2d 415 (2015) code 8.01-229(D).

## Ineffective Assistance Of Counsel Standard

The petitioner has the burden of proving by a preponderance of the evidence his claims of ineffective assistance of counsel. Green v. Young, 264 Va. 604, 608, 571 S.E. 2d 135, 138 (2002); Nolan v. Peyton 208 Va. 109, 112, 155 S.E 2d 318, 321 (1967).

Petitioner must first prove that his counsel's performance was deficient, meaning that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Petitioner must show that that the deficient performance prejudiced the defense.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the following is true and correct.

4/12/20

*Jihad Shahaddah*

Proof of Service
The declarant declares that a document was mailed or served on.

4/12/20

*Jihad Shahaddah*